UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT A. MORROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-01640-SPM |
| ) | |
| HEATHER TURNER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Robert A. Morrow brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 3. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $52.29. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his Complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a state court prisoner currently being held at South Central Correctional Center ("SCCC") in Licking, Missouri. ECF No. 1 at 2. In support of his motion to proceed without prepaying fees and costs (ECF No. 3), Plaintiff submitted an inmate account statement showing average monthly deposits of $261.45 (over the six-month period prior to case initiation), and an average monthly balance of $30.25 (as of the fourth of the month). ECF No. 4. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $52.29, which is twenty percent of Plaintiff's average monthly deposits. *See* 28 U.S.C. § 1915(b)(1).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Although Plaintiff is currently confined at SCCC, the allegations of his Complaint pertain to a period of confinement in 2021 at Eastern Reception, Diagnostic and Correctional Center ("ERDCC").  ECF No. 1 at 5.  Plaintiff brings this action under 42 U.S.C. § 1983, naming three defendants employed at ERDCC, in their individual capacities only: (1) Heather Turner; (2) Stephen Benson; and (3) Timothy McFarland.  *Id.* at 2-4.

According to Plaintiff, these three Defendants were "Classification Hearing Members" who made decisions about prisoner placement in "temporary administrative segregation" ("TASC") at ERDCC in late 2021.  *Id.* at 5.  Plaintiff states that he was placed in TASC on June 8, 2021, pending an investigation into whether Plaintiff had been a victim of sexual abuse, based on a claim filed under the Prison Rape Elimination Act ("PREA").  Plaintiff does not state who filed the PREA claim but he does explain that the claim was made against a nurse employed at ERDCC.  A week after placement in TASC, Plaintiff was questioned by a PREA investigator about the claim.  *Id.* at 5-6.  Plaintiff asserts based "[u]pon information and belief," that the PREA claim

3

was officially declared unfounded and closed around mid-July 2021.  *Id.* at 6.  However, Plaintiff remained in TASC.

Plaintiff claims that other "similarly situated" inmates were moved out of TASC once investigations involving them were closed.  In August 2021, Plaintiff filed a grievance at ERDCC concerning his continued TASC placement.  Plaintiff states that TASC placement is reviewed every ninety (90) days by the Classification Hearing Members, and he admits that they reviewed his placement "[a]round September 1, 2021."  *Id.* at 6-7.  At that time, Plaintiff was given another ninety (90) day review date, and he remained in TASC.  Plaintiff does not state the basis or reasoning that he was given for the decision by the Classification Hearing Members to keep him in TASC.

Plaintiff alleges that defendant Heather Turner violated his First Amendment rights by unjustly retaliating against him for filing the August 2021 grievance, when she kept him in TASC and eventually transferred him to another institution.  *Id.* at 7-8.  He further alleges Turner was conspiring or "acting in concert" with the other two defendants, Benson and McFarland, to keep him in TASC.[1]  *Id.*  Plaintiff was in TASC another "6 or 7 months" until he was transferred to SCCC.  *Id.* at 8.  Plaintiff lists no injuries suffered from this alleged retaliation.  *Id.* at 9.  For relief, he seeks money damages.  *Id.* at 10.

**Plaintiff's Prior Related Case**

On Plaintiff's Original Filing Form filed in this case, he notes that this case is related to another case he filed in this court: *Morrow v. Turner*, No. 4:23-cv-153-SRW (E.D. Mo. filed Feb. 9, 2023) (hereinafter "*Morrow I*").  ECF No. 1-3.  All three of the Defendants named in this case

---

[1] Plaintiff also asserts that the actions of the Defendants violated his "protections against retaliation per PREA policy."  ECF No. 1 at 7.  However, Plaintiff did not file the PREA claim which he was interviewed about, and he admits that the claim was completely unfounded.  As such, Plaintiff did not engage in any protected activity regarding the PREA claim, that could be the foundation of a retaliation claim.

4

were also named defendants in *Morrow I*. In that case, Plaintiff's legal claims were based on the same June 2021 administrative segregation placement and subsequent transfer. Plaintiff alleged, in part, that his Fourteenth Amendment due process rights were violated when he was not allowed to return to general population after the PREA investigation was closed, and when he was held in TASC too long. He also alleged a First Amendment violation when he was retaliated against for filing a grievance.

Plaintiff attached Missouri Department of Corrections ("MDOC") exhibits to his Complaint in *Morrow I*, that are relevant to his allegations in the instant matter.[2] Plaintiff filed a copy of a TASC Confinement Form dated June 8, 2021, which states his reasons for segregation as follows:

> Offender witnessed by staff committing serious wrongdoing.
> There is an immediate security risk involved.
> For the security and good order of the institution.

*Morrow I*, ECF No. 1-1 at 1.

Plaintiff also filed a Classification Hearing Form, dated October 1, 2021,[3] from his ninety (90) day administrative segregation hearing with defendants Turner, Benson, and McFarland. *Id.* at 2. The Form recommended continued assignment to TASC, and that recommendation was approved by the ERDCC assistant warden a few days later. According to the Form, Plaintiff was placed in TASC in June 2021 "under investigation" and that "[n]o other information" was available at that time on the investigation. *Id.*

---

[2] The Court takes judicial notice of its records regarding these related civil proceedings. *See Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records, even if court records are not actually brought before judge who is asked to take such judicial notice)); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[3] The Court assumes that this Form is from the ninety (90) day hearing that Plaintiff states occurred "[a]round September 1, 2021." ECF No. 1 at 7.

5

Finally, Plaintiff filed some of the grievance documents relating to his continued TASC placement at ERDCC. *Id.* at 4-7. According to these documents, as of April 22, 2022, Plaintiff was still being held in TASC because he was still under investigation. *Id.* at 6. The ERDCC Warden informed Plaintiff that he should "expect to be retained in Administrative Segregation for the duration of any investigation" and that this "measure is for the safety and security of the institution." He went on to explain that "[t]he investigation is necessary to clear or confirm allegations of wrongdoing, is not disciplinary, and does not violate your due process." *Id.* By the time Plaintiff received a response to his grievance appeal in August 2022, the PREA investigation was complete, and Plaintiff had been transferred to SCCC general population. *Id.* at 5.

In *Morrow I*, on May 23, 2023, the Court found Plaintiff's Complaint failed to state a claim upon which relief could be granted and ordered Plaintiff to file an amended complaint. *Morrow I*, ECF No. 7 at 4-5. The Court held that Plaintiff's allegations were conclusory and speculative, failing to give rise to a plausible entitlement to relief. *Id.* at 4. After Plaintiff did not file an amended complaint in the time allowed, the case was dismissed on July 6, 2023. *Morrow I*, ECF Nos. 8-9. On August 3, 2023, Plaintiff's motion for reconsideration of dismissal was denied. *Morrow I*, ECF No. 12. Plaintiff filed the instant action four months later.

## Discussion

In this case, Plaintiff alleges that the three Defendants unjustly kept him in administrative segregation at ERDCC and then transferred him to a different institution, in retaliation for filing a grievance. After careful review and liberal construction of the pleadings, for the reasons discussed below, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

I.	**Failure to State a First Amendment Retaliation Claim**

The right to be free from retaliation for availing oneself of the grievance process is clearly established in the Eighth Circuit. *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013) (citing *Nelson v. Shuffman*, 603 F.3d 439, 449-50 (8th Cir. 2010)). To state a claim for First Amendment retaliation, a plaintiff must assert that: (1) he engaged in a protected activity, (2) defendants took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020) (internal citation omitted). Both filing a prison grievance and filing an inmate lawsuit are protected First Amendment activities. *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007). As such, "actions taken in retaliation for an inmate's filing of a grievance are actionable under 42 U.S.C. § 1983." *Gonzalez*, 971 F.3d at 745 (citing *Nelson*, 603 F.3d at 450).

In this case, Plaintiff alleges that he was held in administrative segregation and eventually transferred to a different institution in retaliation for filing a grievance. Plaintiff provides no facts to support any connection between his segregation placement or institutional transfer, with his use of the grievance process. There is no evidence that Plaintiff's placement or transfer were motivated by his grievance filing. Instead, evidence suggests that he remained in segregation due to an ongoing investigation and for institutional security.

Plaintiff's claims of retaliation are entirely conclusory. To state a plausible cause of action, "[a] pleading that merely pleads . . . naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010). The Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Because Plaintiff's claims here are devoid of any factual support, his

7

Complaint is subject to dismissal for failure to state a claim of First Amendment retaliation against any of the named Defendants.

## II.     Failure to State an Eighth Amendment Retaliatory Discipline Claim

Plaintiff's self-represented Complaint could also be liberally construed as bringing an Eighth Amendment claim of retaliatory discipline.  Prison officials cannot impose a disciplinary sanction against a prisoner in retaliation for a prisoner's exercise of a constitutional right.  *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993).  Under the Eighth Amendment, a "prima facie case of retaliatory discipline requires a showing that: (1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007) (quoting *Goff*, 7 F.3d at 738).  However, it is not enough to simply allege that an act was retaliatory.  *Id.*

Like Plaintiff's claim under the First Amendment, his claim regarding retaliatory discipline is completely speculative and conclusory.  Plaintiff simply alleges that Defendants kept him in administrative segregation to retaliate against him for using the grievance process.  There are no facts presented which suggest that Plaintiff's grievance filing motivated his continuing placement in administrative segregation.

Instead, the grievance exhibits indicate that Plaintiff's segregation placement was due to an ongoing investigation and required for institutional safety and security.  "Prison officials can reasonably limit prisoners' activities when necessary to maintain security." *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).  Furthermore, the grievance exhibits suggest that Plaintiff possibly did not even file his grievance until after his October 1, 2021, Classification Hearing where the three Defendants recommended that he remain in TASC.[4]

---

[4] Plaintiff states that he filed his informal resolution request ("IRR") in August 2021, but he did attach the IRR as an exhibit in *Morrow I*, so we don't know exactly what date he began the grievance process about his TASC placement. *See Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (explaining that the first step in the Missouri Department

8

Therefore, to the extent Plaintiff is asserting an Eighth Amendment retaliatory discipline claim in his Complaint, such claim fails to state a claim upon which relief may be granted.

### III.    Failure to State a Conspiracy Claim

Finally, Plaintiff alleges that the three Defendants conspired together to retaliate against him by keeping him confined in TASC.  To demonstrate the existence of a § 1983 conspiracy, a plaintiff must allege, among other things, a meeting of the minds among the conspirators "sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 798-99 (8th Cir. 2013).  Allegations of conspiracy "must be pled with sufficient specificity and factual support to suggest a meeting of the minds." *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) (internal quotation omitted).

Plaintiff here provides no factual support for any meeting of the minds or agreement between the Defendants to deprive Plaintiff of his constitutional rights.  Plaintiff's bare assertion of a conspiracy is not sufficient to state a § 1983 conspiracy claim.  *See Iqbal*, 556 U.S. at 678 (to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements").  As such, this claim is also subject to dismissal.  *See* 28 U.S.C. § 1915(e)(2)(B).

### Conclusion

Plaintiff's motion for leave to proceed *in forma pauperis* will be granted and an initial partial filing fee of $52.29 will be assessed.  However, the Court finds Plaintiff's claims of retaliation and conspiracy to be conclusory and unsupported by the factual record.  Allowing

---

of Corrections grievance process is filing an IRR). However, we do know that he signed his grievance (the second step in the grievance process) on March 14, 2022, and it was received on March 29, 2022. *Morrow I*, ECF No. 1-1 at 7.  Given that a grievance must be filed within seven (7) days of receiving a response on an IRR, *Hammett*, 681 F.3d at 947, Plaintiff must have received an IRR response in early March 2022.  If Plaintiff did in fact file his IRR in August 2021 as he asserts, that means that it took seven (7) months for him to receive a response.  In contrast, his grievance and appeal were responded to within one month of receipt.

9

amendment would be futile as the evidence suggests that Plaintiff was held in administrative segregation due to institutional security reasons. As such, this case will be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $52.29 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint as to any defendant because the Complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants Heather Turner, Stephen Denson, and Timothy McFarland are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of April, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE